LOUISVILLE, CIN. & LEX. R. COMPANY *v.* JAMES HAMPTON'S EX'RX.

**Railroads—Death—Wilful Negligence—Recovery.**

Under § 1. Act March 10, 1854, 2 R. S. 510, if it is averred that the deceased was killed by "wilful negligence" of the defend-

ant, or its servants, recovery may be had, although the proof fails to establish wilful negligence, if it appears from the petition that the deceased was not an employe of the party sued.

**Carriers—Pleading and Proof—Variance.**

Where one who sued for the death of another based her case upon the negligence and carelessness or mismanagement of the "servants and agents in charge of the passenger trains" of the defendant, she can not recover upon proof of negligence on the part of others but must confine herself to the issue thus made.

**Carriers—Evidence—Condition of Track.**

In an action against a railroad company for the negligent death of plaintiff's deceased, proof of the condition of the track at the point of injury is competent to show negligence on the part of the engineer in running over the track at high speed.

**Carriers—Evidence—Issues.**

The evidence should be confined to the issues raised by the pleadings.

**Jury—Sworn to Assess Damages.**

The fact that the jury was sworn to assess damages instead of to try the issue, was held immaterial.

**Judgment—Entry Against Officers of Company.**

The entering of a judgment against the president and directors of the railroad company, instead of against the company, was held immaterial.

APPEAL FROM CARROLL CIRCUIT COURT.

November 12, 1873.

Opinion by Judge Lindsay:

This action is being prosecuted by Pathenia Hampton, executrix of James Hampton, deceased, to recover damages for the loss of her testate's life, alleged to have been destroyed by a train of cars in charge of, and being operated by the servants and agents of appellant.

In the petition it is averred that the testator came to his death "by the negligence, carelessness, and mismanagement of their (the company's) servants and agents, who were in charge of the passenger trains upon said road, on its way from the city of Louisville to the city of Covington," which train was run against

the platform upon which he was standing; and from the collision resulting therefrom he sustained injuries from which he died.

By an amendment, appellee charged that the negligence, carelessness and mismanagement set up in the original petition was gross and willful, and she prayed judgment for punitive damages. Until this amendment was filed, no cause of action had been presented. Sec. 1 of the act of March 10, 1854, 2 Rev. Stat. 510, provides that for the loss of the life of any person "not in the employment of a railroad company," by reason of its negligence or carelessness, or by the unfitness, negligence, or carelessness of its servants or agents, damages may be recovered by the personal representative in the same manner that the person killed might have done for any injury where death did not ensue. Before the amendment, no recovery could have been had under this section, because it is not alleged that the deceased was "not in the employment" of the railroad company at the time the injuries were sustained. The amendment made out a good cause of action under the third section, which authorizes the recovery of primitive damages for the loss or destruction of the life of any person when it is brought about by the "willful negligence of another person, company or corporation, their agents or servants." We do not doubt that in actions against the proprietors of railroads, where it is averred that the life was destroyed by "willful negligence," a recovery would be allowed under the first section of the act, in case the proof fails to establish willful negligence, but does show such carelessness or negligence as authorizes a recovery under that section; but this rule is confined to cases in which the petition shows upon its face that the person killed was not an employe of the party sued. In this case the essential fact is not averred in the original petition nor in the amendment, and hence appellee's right to recover depended upon whether or not the deceased came to his death by the willful negligence of the company's agents. It is manifest from an examination of the instructions given by the court below, that the distinction here indicated was not considered upon the trial of the case.

In instruction No. 3, given by the court of its own motion, the right of the jury to give compensatory damages upon proof of negligence of a lower grade than willful, is clearly recognized by

the instruction given, that they could not find punitive damages unless they believed that the agents or servants of the company had caused the death of Hampton by "willful or gross negligence." In instruction No. 6, the fact that proof of willful negligence was necessary to make out the cause of action is wholly omitted.

There is another fatal error pervading all the instructions given, that the jury had the right to base a verdict upon proof of negligence upon the part of any of the agents, servants or employes of the railroad company. Appellee chose to stake her case upon the negligence, carelessness and mismanagement of the "servants and agents in charge of the passenger trains." She need not have been this specific in setting out the particular servants and agents guilty of the alleged negligence, but having done so she cannot recover upon proof of negligence upon the part of others. She must be confined to the issue she voluntarily tendered.

The proof as to the condition of the railroad track at Eagle Station, was competent to show negligence by the engineer in running over such road at a high rate of speed, but for no other purpose, and the jury had no right to consider the negligence of those whose duty it was to keep the road in repair, in determining whether or not Hampton was killed by the willful negligence of appellants' servants or agents. The evidence as to the intemperate habits of the roadmaster was improperly admitted. So also was that as to the inexperience of the engineer in charge of the train, as it is not alleged in the petition that the wrong complained of resulted from the unfitness of the agents and servants in charge of the train, but from their willful carelessness, negligence and mismanagement.

It is not necessary, in this case, and it would be improper in the present condition of the pleadings, to discuss the measure of recovery under the first section of the Act of 1854. We do not deem it essential to consider the fact that the jury was sworn to assess damages instead of being sworn to try the issue, nor that judgment was entered against the president or directors of the company, instead of the company itself.

These irregularities will doubtless be obviated in the future.

For the errors pointed out, the judgment is reversed and the

cause remanded for a new trial upon principles consistent with this opinion.

*Lindsay, Green, for appellant.*

*Craddock, Trabue, T. B. Ford, for appellee.*